# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

1. Matthew R. Blom
2. Austin T. Abernathy
3. Joseph C. Bailey
4. Charles M. Barclay
5. James B. Barker
6. Paul A. Bonds
7. Ralls H. Brisendine
8. Vance M. Brown
9. Kane B. Brueggert
10. John A. Calvert
11. Justin A. Campbell
12. Craig D. Chappell
13. Raymond L. Chiz
14. Neal A. Clayton
15. Ryan J. Coley
16. Rickey A. Collie
17. Andrew T. Cotton
18. Bryan P. Couch
19. Alexander R. Cromer
20. Joe P. Dalrymple
21. Nathaniel Davenport Jr.
22. Dexter W. Davis
23. Jonathan H. Davis
24. Jonathan E. Day
25. James M. Dillard
26. Britton L. Dove
27. Lee E. Dye
28. Eric C. Estes
29. Jonathan H. Evans
30. James S. Gann
31. Joshua K. Goosby
32. Brandon L. Green
33. Kevin M. Griffith
34. Jonah E. Harris
35. Andrew G. Hiti
36. Noah M. Huff
37. Jacob E. Humphreys
38. Phillip A. Hutchens
39. Ryan M. Ivy
40. Noah E. Johnson
41. Jeffrey P. Jones
42. Timothy R. Keener

Civil Action No. _____

JURY TRIAL DEMANDED

43. Christopher B. Kiser
44. Daniel S. Langley
45. Frankie D. Langley
46. Matthew D. Light
47. Dillon S. Maddox
48. Gerald W. Malone
49. Tyson K. Martin
50. Gary R. McGlaughn
51. Jeffrey D. Morris
52. Joshua J. Nabors
53. Micah L. Nance
54. Kyle R. Nelson
55. Shawn L. Nelson
56. Kaiden R. Patterson
57. Alex K. Payne
58. Michael L. Peek
59. Micah L. Phillips
60. Michael K. Preston
61. William D. Putman
62. Phillip C. Ramsey
63. Roger J. Reynolds
64. Jason B. Rich
65. Matthew R. Roberts
66. Stephen M. Robertson
67. Lewis E. Rowan
68. Ralph S. Royal
69. Devin S. Sauls
70. Steven T. Sharp
71. David J. Smith
72. Kyle C. Smith
73. Stephen T. Snead
74. Dustin M. Still
75. Ian G. Street
76. Aaron J. Talton
77. Arlin J. Taylor
78. Charlie D. Taylor
79. Joseph R. Taylor
80. Travis D. Ulbrich
81. Phillip S. Ulrich
82. James D. Walker
83. Ramey M. Waters
84. Ryan L. Wells
85. Brent E. White
86. Michael L. White
87. Ronald D. Wideman
88. Kameron Z. Wilson

    89. Jason L. Winstead
    90. Richard S. Wolfe
    91. Justin R. Zemo

    Plaintiffs,

v.

CITY OF GADSDEN, ALABAMA,

    Defendant.

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, respectfully submit this Complaint for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against the City of Gadsden, Alabama and state as follows:

### PARTIES

1. The Plaintiffs are current and former employees of the Defendant, City of Gadsden, Alabama ("Defendant" or "City"), who bring this action under the FLSA against Defendant, because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation. *See* 29 U.S.C. §§ 207(a), 207(k), 216(b).

2. Defendant operates the City of Gadsden Fire Department (the "Department"), which is the department responsible for providing emergency services to the City, including fire prevention, fire suppression, and emergency medical services.

3. At all times material herein, Defendant has employed Plaintiffs in various positions within the Department, including as Fire Fighters, Drivers, and Fire Commanders, among others.

The exact titles, job descriptions, and dates of the Plaintiffs' employment are in the custody and control of the Defendant.

4. The Plaintiffs bring this action for a declaratory judgment under 28 U.S.C. § 2201 for backpay compensation, liquidated damages, attorneys' fees and costs, and other relief available under 29 U.S.C § 216(b) the FLSA.

5. The Plaintiffs who are identified in the caption of the Complaint have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). These consents are appended to this Complaint as Exhibit A.

6. At all times material herein, all Plaintiffs have been "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and have been engaged in "fire protection activities" within the meaning of the FLSA, 29 U.S.C § 203(y), and are similarly situated to one another.

7. Defendant is a municipal corporation under the laws of the State of Alabama, with the power to sue and be sued in its own name, and, at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(d), 203(x)..

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction over the FLSA claims brought in this Complaint through 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1337(a). Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiffs' claims occurred in Etowah County, Alabama.

## FACTS

9. From April 12, 2019, through the present (the "Claims Period"), the Plaintiffs have worked for the Department in various firefighting and emergency services roles, including in jobs entitled Fire Fighters, Drivers, and Fire Commanders.

10. During the Claims Period, Plaintiffs' primary job duties have been to provide emergency fire and medical services to the citizens and individuals residing within the City of Gadsden. To that end, Plaintiffs have diligently executed their job duties on behalf of their employer and the citizens of Gadsden by mandatorily responding to emergency calls, and performing other fire protection activities critical to the public health and safety of the citizens of Gadsden, Alabama.

11. During the Claims Period, Plaintiffs have been assigned to work and did in fact work a regular, repeating schedule of 24-hour shifts followed by 48 hours off. This shift schedule is referred to as a "24/48."

12. Defendant has adopted a 28-day "work period" for the City's fire protection employees, pursuant to 29 U.S.C. § 207(k) of the FLSA. As a result, the applicable overtime threshold for Plaintiffs under the FLSA is 212 hours in each 28-day work period. *See* 29 C.F.R. § 553.230.

13. As a result of the 24/48 work schedule, Plaintiffs are scheduled to work either 9 or 10 shifts in each work period. As such, Plaintiffs are either scheduled for 216 hours or 240 hours during each 28-day work cycle, resulting in either 4 or 28 scheduled FLSA overtime hours (the hours that exceed 212 in a 28-day period).

14. During the claims period, Plaintiffs regularly worked more than 212 hours in a 28-day work period because, in addition to the scheduled overtime described above, Plaintiffs also regularly worked substantial amounts of unscheduled overtime beyond their 24/48 shift schedule. The exact hours worked by Plaintiffs during each work period can be determined by looking at the Plaintiffs' timekeeping and payroll records, which are in the possession, custody, and control of Defendant.

15. Plaintiffs are paid weekly on a salaried basis. As such, they receive 1/52 of their annual salary each pay period as base pay each paycheck.

16. Plaintiffs also receive a variety of additional remuneration outside of their weekly salary. The precise amounts and types of pay vary depending on the individual Plaintiff's rank, certifications, and assignments. These premiums include, among others, longevity pay, EMT pay, and "Acting Pay," which is a premium paid for work performed at a higher rank. The exact premiums Plaintiffs receive during each work period can easily be determined by looking at the Plaintiffs' timekeeping and payroll records, which are in the possession, custody, and control of Defendant.

17. The City fails to pay overtime at the correct regular rate of pay under the FLSA for all overtime hours worked in two primary ways. First, when Fire Commanders and Drivers work unscheduled overtime as a "Fire Fighter," the City will only pay them overtime at the rate of the highest paid "Fire Fighter." Second, when Fire Fighters and Drivers receive "Acting Pay" during their regularly scheduled or overtime hours, the City fails to include that premium in the regular rate of pay when calculating the amount of overtime owed. As such, the City's "overtime" rate is less than one and one-half times the "regular rate of pay" for each employee, as required by the FLSA. *See* 29 U.S.C. § 207(a).

18. In fact, at times, the City pays less than the base rate of pay for overtime work performed by certain Plaintiffs. For example, some Plaintiffs at the rank of "Fire Commander" make $17.66 per hour for each non-overtime hour worked. They are therefore entitled to overtime compensation of at least $26.94 per hour (more if they receive additional remuneration that is required to be included in calculating their regular rate of pay). These Fire Commanders, however,

only receive $17.62 per hour (the overtime rate of the highest paid Fire Fighter) when working unscheduled overtime in the job title of "Fire Fighter."

19. Similarly, Plaintiffs at the rank of Driver make $14.00 per hour for each non-overtime hour worked. Drivers are therefore entitled to overtime compensation of at least $21.00 per hour (and possibly more if they receive additional remuneration that is required to be included in calculating their regular rate of pay). They too only receive $17.62 per hour when working unscheduled overtime in the job title "Fire Fighters."

20. Moreover, while the City is quick to underpay Plaintiffs that are working overtime "under rank," it does not pay a higher rate of overtime for Plaintiffs that are working up a grade. In fact, not only does it fail to pay Plaintiffs working as a "Driver" or "Commander" the overtime rate applicable to that rank, it also fails to include the "Acting Pay" premium in the regular rate of pay when calculating overtime at the Plaintiffs' normal ranks. *See* 29 C.F.R. § 778.109.

21. These overtime violations have led to other derivative regular rate violations. For example, the City fails to include EMT pay in the regular rate for overtime purposes, but instead includes it as a percentage of total income on each paycheck. In failing to pay the correct amount of overtime however, the City has miscalculated the percentage of EMT pay appropriate for each employee, resulting in further damages

22. As Defendant pays the incorrect rate of overtime for all employees, regardless of each employees' base rate of pay or additional remuneration required to be considered as part of the employees' regular rate, Defendants' FLSA violations were willful and in bad faith.

## COUNT I:
## VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. §§ 207(a), 207(a)

23. Plaintiffs re-allege, and incorporate by reference herein the foregoing paragraphs 1-22 of this Complaint.

24. Plaintiffs have worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230, and as such, are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for each hour worked in excess of 212 hours in a 28-day work period. However, during the times that Plaintiffs have worked in excess of 212 hours in a 28-day work period, Defendant has failed to provide Plaintiffs with overtime pay at the rate of one and one-half times their regular rates of pay for all overtime hours.

25. Specifically, Defendant has failed to calculate the regular rate of pay consistent with the FLSA. "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. Defendant here, however, pays overtime rates without regard to Plaintiffs' base rate of pay and/or additional remuneration. For example:

   a. Defendant pays Plaintiffs who work "under rank" the overtime rate of a lower-ranked employee despite requiring Plaintiffs to continue working fire suppression activities;

   b. Defendant fails to include acting pay in the employees' regular rate of pay when calculating overtime; and

   c. Defendant fails to calculate the proper percentage of EMT pay during work periods where Plaintiffs have worked overtime while either acting a grade up or working a grade down, resulting in additional regular rate violations.

26. By failing to pay the Plaintiffs and other employees similarly situated the overtime pay required under the law, the Defendant has violated and is continuing to violate the provisions of the FLSA set forth at 29 U.S.C. § 207(k).

27. By failing to pay the Plaintiffs and other employees similarly situated the overtime pay required under the law in a manner that is willful and in bad faith. As a result, at all times material herein, the Plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum period allowed under the law.

28. As a result of the Defendant's willful and bad faith violations of the FLSA, there have become due and owing to the Plaintiffs an amount that has not yet been precisely determined. The employment and work records for the Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of the Defendant, and the Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

29. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay for Defendant's failure to pay overtime compensation.

30. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

(a) Enter judgment declaring that the Defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the Plaintiffs of his/her rights;

(b) Order a complete and accurate accounting of all the unpaid compensation to which the Plaintiffs are entitled;

(c) Award Plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages equal to their unpaid compensation;

(d) Award Plaintiffs interest on their unpaid compensation;

(e) Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the costs associated with bringing this action; and

(f) Grant such other relief as may be just and proper.

DATE: May 5, 2022                                Respectfully submitted,

*/s/ David Ricksecker*
David Ricksecker (VA Bar No. 78388)*
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Avenue, N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Email: dr@mselaborlaw.com

*Pro Hac Vice Application Forthcoming

*/s/ Kayla L. Sullivan*
Kayla Lawrence Sullivan
Sullivan Legal Services, LLC
2100 SouthBridge Parkway, Ste. 650
Birmingham, AL 35209
Office: 205-730-8869
Cell: 205-482-1922
Email: kayla@sullivanlegalservices.llc

*Counsel for Plaintiffs*